UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| NORMAN HOEWISCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:10-cv-806-J-99TJC-JBT |
| v. ) | |
| ) | |
| VISIONWORKS, INC. and ) | |
| SEGOVIA VENTURES, LTD., ) | |
| ) | |
| Defendants. ) | |

## ANSWER AND DEFENSES OF DEFENDANT VISIONWORKS, INC.

Defendant Visionworks, Inc. ("Visionworks" or "Defendant") files the following Answer to the Complaint in the above-captioned civil action.

### FIRST DEFENSE

Visonworks answers each numbered paragraph of the Complaint as follows:

1. For answer to paragraph 1, Visionworks denies having violated Plaintiff's rights under Title III of the Americans With Disabilities Act ("ADA"). The remaining allegations in paragraph 1 are conclusions of law for which no answer is required.

2. For answer to paragraph 2, Visonworks denies having violated Plaintiff's rights under Title III of the ADA. Visonworks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3.	Visionworks is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4.	For answer to paragraph 4, Visionworks denies having violated Plaintiff's rights under Title III of the ADA, denies having subjected Plaintiff to illegal barriers to access, and also denies causing Plaintiff to suffer legal harm and/or legal injury. Visionworks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.	Visionworks denies the allegations in paragraph 5.

6.	For answer to paragraph 6, Visionworks admits that it transacts business in the State of Florida, including in the Middle District of Florida, and that it leases and operates a Visionworks store located at 58 Blanding Boulevard, Orange Park, Florida. Visionworks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7.	For answer to paragraph 7, Visionworks admits that Congress enacted the Americans With Disabilities Act on or about July 26, 1990.

8.	The allegations in paragraph 8 purport to be taken from the legislation and/or legislative history of the ADA and those quoted passages speak for themselves. As such, no answer is required.

9.	The allegations in paragraph 9 purport to be taken from the legislation and/or legislative history of the ADA and those quoted passages speak for themselves. As such, no answer is required.

10. The allegations in paragraph 10 are conclusions of law for which no answer is required.

11. The allegations in paragraph 11 are conclusions of law for which no answer is required.

12. For answer to paragraph 12, Visionworks admits only that the federal government promulgated regulations under the ADA following the enactment of the ADA by Congress. The remaining allegations in paragraph 12 are conclusions of law for which no answer is required.

13. The allegations in paragraph 13 are conclusions of law for which no answer is required.

14. For answer to paragraph 14, Visionworks denies having subjected Plaintiff to violations of the ADA. Visionworks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14.

15. For answer to paragraph 15, Visionworks denies that ADA violations exist at the Facility. Visionworks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15.

16. Visionworks denies the allegations in paragraph 16.

17. Visonworks denies the allegations in paragraph 17, including all subparts.

18. Visionworks denies the allegations in paragraph 18.

19. For answer to paragraph 19, Visionworks denies having subjected Plaintiff to violations of the ADA and/or to having unlawfully discriminated against Plaintiff. Visionworks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. Visionworks denies having subjected Plaintiff to violations of the ADA. The remaining allegations in paragraph 20 are conclusions of law for which no answer is required.

21. Visionworks denies having subjected Plaintiff to violations of the ADA and/or to having harmed Plaintiff. The remaining allegations in paragraph 21 are conclusions of law for which no answer is required.

22. Visionworks is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. The allegations in paragraph 23 are conclusions of law for which no answer is required.

The allegations contained in the unnumbered paragraph beginning with "WHEREFORE" on page 8 of the Complaint are in the nature of a prayer for relief for which no answer is required. To the extent an answer may be deemed necessary, those allegations are denied.

Each and every allegation in the Complaint which has not been explicitly admitted above is hereby denied.

**SECOND DEFENSE**

The Complaint fails to state a claim against Visionworks upon which relief can be granted.

**THIRD DEFENSE**

Some or all of the actions and/or changes sought by Plaintiff are not readily achievable.

**FOURTH DEFENSE**

Some or all of the actions and/or changes sought by Plaintiff would result in an undue burden on Defendant and/or would fundamentally alter the nature of the services, facilities, privileges, advantages, goods, or accommodations provided by Defendant.

**FIFTH DEFENSE**

Visionworks has not discriminated against Plaintiff on the basis of his alleged disability.

**SIXTH DEFENSE**

Plaintiff is not entitled to the relief sought in the Complaint, and there is no factual or legal basis for compensatory or other damages.

**SEVENTH DEFENSE**

Plaintiff lacks standing to bring the causes of action asserted in the Complaint and, to the extent Plaintiff has standing to bring the Complaint, Plaintiff lacks standing to challenge any alleged barriers to access not specifically encountered by Plaintiff.

**EIGHTH DEFENSE**

Plaintiff is not entitled to recover attorneys' fees under the ADA to the extent Visionworks has or will take appropriate measures to remedy any alleged barriers to access.

**NINTH DEFENSE**

Plaintiff's claims and request for relief are barred to the extent Plaintiff is a vexatious litigant.

Visionworks reserves the rights to plead any additional defenses as they become known or available during the pendency of this litigation.

WHEREFORE, Defendant Visionworks respectfully requests that the Complaint against it be dismissed with prejudice and that Visionworks be awarded its costs in defending this action, including reasonable attorneys' fees.

Respectfully submitted,

/s/ Casey G. Reeder

| | |
|---|---|
| Martha Hartle Munsch | Benjamin H. Hill, III (FBN 094585) |
| (*pro hac vice to be filed*) | bhill@hwhlaw.com |
| mmunsch@reedsmith.com | Casey G. Reeder (FBN 041986) |
| REED SMITH LLP | creeder@hwhlaw.com |
| Reed Smith Centre | HILL, WARD & HENDERSON, P.A. |
| 225 Fifth Avenue | 3700 Bank of America Plaza |
| Pittsburgh, PA  15222 | 101 East Kennedy Boulevard |
| Telephone:  412-288-3131 | Tampa, FL  33602 |
| Facsimile:  412-288-3063 | Telephone: 813-221-3900 |
| | Facsimile:  813-221-2900 |

*Attorneys for Defendant Visionworks, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2010, I electronically filed the foregoing with the Clerk of Court by using the ECF system, which will send a notice of electronic filing to all counsel of record in this action.

/ s / Casey G. Reeder